IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID EKANEM<br>432 E. Sentner Street<br>Philadelphia, PA 19120<br><br>      Plaintiff,<br>v.<br><br>WALMART INC.<br>702 SW 8th Street<br>Bentonville, AR 72716<br>    and<br>WALMART ASSOCIATES INC.<br>702 SW 8th Street<br>Bentonville, AR 72716<br><br>      Defendants. | CIVIL ACTION<br><br>No.: _____<br><br>**JURY TRIAL DEMANDED** |

**CIVIL ACTION COMPLAINT**

Plaintiff, David Ekanem, by and through his undersigned counsel, hereby avers as follows:

### I.     INTRODUCTION

1.     Plaintiff has initiated this action to redress violations by Walmart Inc. and Walmart Associates Inc. (collectively, "Defendants") of the Family and Medical Leave Act ("FMLA" – 29 U.S.C. §§ 2601, *et. seq.*). In particular, Plaintiff alleges that he experienced discrimination, interference and retaliation in the workplace for exercising his rights under the FMLA (among other claims).[1]

---

[1] Plaintiff will seek leave to amend the instant lawsuit to add claims under the Pennsylvania Human Relations Act ("PHRA") and the Americans with Disabilities Act ("ADA") once administratively exhausted (through filings with the PHRC and EEOC respectively) unless Defendants waive such exhaustion requirements for judicial and case efficiency.

## II.     JURISDICTION AND VENUE

2. This Court, in accordance with 28 U.S.C. § 1331, has jurisdiction over Plaintiff's claims because this civil action arises under laws of the United States.

3. This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

4. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district, and in addition, Defendants are deemed to reside where they are subject to personal jurisdiction, rendering Defendants residents of the Eastern District of Pennsylvania.

## III.     PARTIES

6. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7. Plaintiff is an adult individual, with an address as set forth in the caption.

8. Walmart Inc. ("Defendant Walmart") is an American multinational retailer operating a chain of department stores throughout the United States. This entity is headquartered at the above-captioned address.

9. Walmart Associates Inc. ("Defendant WA") is a segment of Defendant Walmart processing benefits, payroll, and other forms of compensation for employees of Defendant Walmart. This entity is identified as the payor to Plaintiff of Plaintiff's compensation and benefits on compensation-related documentation (as the payor arm of Defendant Walmart).

10. Defendants operate as a single, joint and/or integrated employer of Plaintiff for all purposes and properly considered Plaintiff's correct and statutory employers in this lawsuit. They share resources, operate with overlapping management from the same headquarters, and function as the same enterprise in all respects.

11. At all times relevant herein, Defendants acted by and through their agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

### IV. FACTUAL BACKGROUND

12. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

13. Plaintiff was hired by Defendants on or about September 24, 2022; and in total, Plaintiff has worked for Defendants for in excess of three (3) years.

14. Plaintiff has been employed by Defendant as a Digital Shopper. In this capacity, Plaintiff has had responsibilities to fulfill online grocery and retail orders by finding, picking, scanning, and packing items for customers who choose curbside pickup or delivery.

15. Plaintiff remains *currently employed* by Defendants, and Plaintiff has physically worked at Defendants' location at 9745 Roosevelt Boulevard, Philadelphia, PA 19114 (also upon information and belief referred to as Store # 5130). All actions underlying this lawsuit thus have occurred within Philadelphia, Pennsylvania.

16. Some of the relevant management who has supervised Plaintiff has included (but not been limited to) the following:

- Shanelle Henry ("Henry" – Store Manager);
- Dmytro Melnychuk ("Melnychuk" – Assistant Manager); and

- Rachel Flippen ("Flippen" – Team Lead)

17. As of on or about March 29, 2025, Plaintiff was approved for intermittent leave under the Family and Medical Leave Act ("FMLA"). Plaintiff had requested FMLA leave, submitted information as necessary or requested, and had gone through the corporate approval process for FMLA usage (on an intermittent basis).

18. It had become necessary for Plaintiff to take off from work periodic time or days to provide care for his father, who suffered from serious medical complications. Plaintiff's father needed 24-hour care due to many ongoing medical problems. Some of these health complications included but were not limited to, a stroke, hypertension, heart problems and ongoing heart failure, intestinal problems, other organ failure, and numerous other medical conditions requiring care or monitoring.

19. Prior to April of 2025, Plaintiff had been viewed as an exemplary employee. Moreover, *Plaintiff worked a full-time schedule - - averaging approximately 40 hours per week.* This had been consistent and verifiable through payroll records.

20. Plaintiff was using intermittent leave under the FMLA and letting his management know when he required days off to care for his father in the April 2025 timeframe. This prompted <u>near-immediate</u> brazen interference and retaliation by Defendants' management.

21. By May of 2025, Plaintiff was generally being offered (and assigned) no more than 10 - 15 hours per week (of shifts and scheduling). Plaintiff's schedule and compensation had been *drastically* reduced to approximately 25% - 30% of what he previously worked and earned.

22. Plaintiff was expressing complaints of discrimination and retaliation to all levels of management within Defendants' store during the late spring and summer of 2025. Plaintiff

4

had bene very emotional to such management about the aforesaid mistreatment in his time of need to care for his father.

23. Defendants did not even attempt to feign a legitimate non-discriminatory or non-retaliatory reason for slashing Plaintiff's hours and scheduling. By way of examples:

- Plaintiff was being told by Melnychuk: "If you want your schedule and hours to go back to normal you have to show me that you're worth it or earn it back. I can't give you your hours back if are gonna use the FMLA or call out for FMLA. We have a business to run."

- Melnychuk made other comments to Plaintiff that his use of FMLA makes him undependable, and his hours will go to people who are dependable.

- Melnychuk told Plaintiff if he is going to keep using FMLA and isn't happy with his part-time schedule to go file a new claim and go out fully through Sewick (Defendants' third-party medical leave administrator).

24. By late July of 2025, Plaintiff had: (a) complained numerous times of discrimination and retaliation to his management; **and** (b) had presented Defendants' management with medical documentation from his own physician that his drastic reduction in hours was causing Plaintiff an exacerbation of his own physical and emotional health problems.[2]

25. On or about August 7, 2025, Henry (the Store Manager) had Plaintiff participate in a short meeting with her. In this meeting, she expressed condolences hearing that Plaintiff's father had just died. She also asked Plaintiff about his "mental state" and whether is able to work in light of Plaintiff's mental health. Plaintiff reiterated he is able to work, needs to work, and has been in need of full-time hours to earn a necessary income. Henry told Plaintiff now that his father had passed, she told Melynchuk Plaintiff could be given his full-time hours back.

26. By mid-August of 2025, Plaintiff started receiving closer to a full-time schedule again. This was because Plaintiff's father had died and Plaintiff had ceased using FMLA. In a

---

[2] Plaintiff had been treating medically for an extended period of time due to his own health problems stemming from a past motor vehicle accident.

*disgusting and egregious manner*, Plaintiff had been told by Melnychuk in talks between he and Henry - - it appeared Plaintiff could be reliable again since he was not going to be using more FMLA and was going to be given more hours.

27. As of August of 2025, Plaintiff did in fact get a significant schedule increase. But nothing really remained the same as pre-FMLA leave. Plaintiff: (a) was given pushback for scheduling requests; (b) was denied certain overtime requests; and (c) was given less favorable shifts. This was in stark contrast to how Plaintiff had been treated pre-FMLA leave (and prior to late March of 2025).

28. As a result of Plaintiff's father dying, the blatant discrimination and retaliation at work, financial stress exacerbating Plaintiff's mental health problems, and other factors - - Plaintiff: (a) informed his management that he was going through depression; and (b) sought additional periodic time off (and through the FMLA) for his own health problems. This was in the fall-timeframe of 2025.

29. After Plaintiff's father passed away, Plaintiff was given closer to a full-time schedule that existed prior to his March 2025 FMLA commencement. However, by late 2025 through the present, Plaintiff still experienced scheduling reductions (due to his own health disclosures and requests for FMLA entitlements for himself). Plaintiff for example was still denied certain shifts and overtime.

30. Plaintiff has been told in no uncertain terms by Defendants' management (following his own health disclosures and personal FMLA usage) he will not given his prior scheduling preferences, prior scheduling hours, or full-time work indefinitely and permanently.

31. Defendants' actions at this location have been so malicious, so intentional, and so disgusting towards Plaintiff that Plaintiff should be awarded liquidated and punitive damages under applicable laws (in addition to all other available remedies and damages).[3]

## First Cause of Action
## Violations of the Family and Medical Leave Act ("FMLA")
### (Interference & Retaliation)

32. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

33. Plaintiff was an eligible employee under the definitional terms of the FMLA, 29 U.S.C. § 2611(a)(i)(ii).

34. As a result of Plaintiff's FMLA requests, usage, and protected requests, Plaintiff has suffered:

   (1) Reduced scheduling;

   (2) Reduced compensation;

   (3) Less favorable work shifts;

   (4) Less overtime;

   (5) Constant antagonism and animosity; and

   (6) A pattern of conduct through actions and direct discriminatory or retaliatory statements encouraging Plaintiff to quit, take long-term leave, or to be constructively discharged.

35. Plaintiff experienced the above mistreatment on account of his protected activities associated with FMLA for his father and then himself.

36. Defendants' actions as set forth throughout this lawsuit constitute both interference and retaliation violations of the FMLA.

---

[3] The reference to punitive damages in this paragraph relates to the anticipated amendment under the ADA (as explained more fully in Footnote 1 of this Complaint).

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.    Defendants are to promulgate and adhere to a policy prohibiting discrimination / retaliation in the future against any employee(s);

B.    Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, and benefits;

C.    Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering, and humiliation caused by Defendant's actions;

D.    Plaintiff is to be awarded liquidated and punitive damages as permitted by applicable laws herein;

E.    Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate; and

F.    Plaintiff is to be awarded the costs and expenses of this action and a reasonable attorney's fees as provided by applicable federal and state law.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: _____
Ari R. Karpf, Esq. (91538)
8 Interplex Drive, Suite 210
Feasterville-Trevose, PA 19053
akarpf@karpf-law.com
(215) 639-0801

Dated: January 6, 2026

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| David Ekanem | : | CIVIL ACTION |
| v. | : | |
| Walmart Inc., et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (x)

| 1/6/2026 | _[signature]_ | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-639-0801 | 215-639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: Defendants place of business

---

**RELATED CASE IF ANY:** Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit?  Yes ☐
2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?  Yes ☐
3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?  Yes ☐
4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?  Yes ☐
5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation.  Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

*A. Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Wage and Hour Class Action/Collective Action
6. ☐ Patent
7. ☐ Copyright/Trademark
8. ☐ Employment
9. ☐ Labor-Management Relations
10. ☒ Civil Rights
11. ☐ Habeas Corpus
12. ☐ Securities Cases
13. ☐ Social Security Review Cases
14. ☐ Qui Tam Cases
15. ☐ Cases Seeking Systemic Relief *see certification below*
16. ☐ All Other Federal Question Cases. *(Please specify)*:_____

*B. Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury *(Please specify)*:_____
7. ☐ Products Liability
8. ☐ All Other Diversity Cases: *(Please specify)*_____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
EKANEM, DAVID

**(b)** County of Residence of First Listed Plaintiff: **Philadelphia**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Ari R. Karpf, Esq.; Karpf, Karpf & Cerutti, P.C., 8 Interplex Drive, Suite 210, Feasterville-Trevose, PA 19053; 215-639-0801; akarpf@karpf-law.com

## DEFENDANTS
WALMART INC., ET AL.

County of Residence of First Listed Defendant: **Benton**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | [ ] 840 Trademark | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | **SOCIAL SECURITY** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | | [ ] 790 Other Labor Litigation | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| | | | [ ] 791 Employee Retirement Income Security Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [X] 442 Employment | [ ] 510 Motions to Vacate Sentence | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | | |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education | [ ] 550 Civil Rights | [ ] 465 Other Immigration Actions | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
FMLA (29USC2601)
Brief description of cause:
Violations of the FMLA.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
- **DEMAND $**
- CHECK YES only if demanded in complaint:
- **JURY DEMAND:** [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: 1/6/2026
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #  AMOUNT  APPLYING IFP  JUDGE  MAG. JUDGE